**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

EDWEA, INC., *et al.,*              §
                                    §
            Plaintiffs,             §
                                    §
VS.                                 §          CIVIL ACTION NO. H-10-2970
                                    §
ALLSTATE INSURANCE COMPANY,         §
*et al.*,                           §
                                    §
            Defendants.             §

**MEMORANDUM AND ORDER**

This is one of many insurance-coverage disputes resulting from property damage after a 2008 hurricane in Houston, Texas. This suit involves damage to eleven commercial properties. The plaintiffs, Edwea Inc., Elevia, Inc., and Dr. Nancy Mai, own the properties. They sued Allstate Insurance Company and Assurance Company of America, as well as an individual Allstate agent, Nguyen Van Thi. Against all the defendants, the plaintiffs alleged violations of Texas common law, including negligence, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duties, negligent misrepresentation, and fraud; violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.01, *et seq.* ("DTPA"); and violations of the Texas Insurance Code, TEX. INS. CODE § 541.001, *et seq.* As to Van Thi, the plaintiffs also asserted separate negligence causes of action for failing to procure proper coverage and for misrepresenting coverage.

The plaintiffs filed suit in the Harris County, Texas state court. The defendants timely removed and the plaintiffs moved to remand, (Docket Entry No. 11), to which the defendants responded, (Docket Entry No. 13). In their motion to remand, the plaintiffs argue that this court

does not have diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  The parties agree that for purposes of diversity jurisdiction, Edwea, Elevia, Dr. Mai and Van Thi are Texas citizens; Allstate is an Illinois citizen; and Assurance is a citizen of both New York and Illinois.  As an in-state defendant, Van Thi's presence in the suit defeats federal removal jurisdiction.  The defendants argue that the plaintiffs improperly joined Van Thi and that his Texas citizenship should be disregarded. The plaintiffs respond that they have properly sued Van Thi and that federal removal jurisdiction is lacking.

Based on the motions, responses, and replies; the parties' submissions; and the applicable law, the plaintiffs' motion to remand is granted.[1]  This action is remanded to the 295th District Court of Harris County, Texas. The reasons are explained in detail below.

## I.    The Legal Standard

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed.  *See* 28 U.S.C. § 1441. A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Although there is complete diversity among the plaintiffs (all Texas citizens), and Allstate (an Illinois citizen) and Assurance (a citizen of both Illinois and New York), § 1441(b) states that "[a]ny other such action [of which the district courts have original jurisdiction] shall be removable only if none of the parties in interest properly joined

---

[1]    The defendants have also moved to abate further proceedings in this court.  (Docket Entry No. 7).  The plaintiffs responded, (Docket Entry No. 8), and the defendants replied, (Docket Entry No. 10).  Assurance has also filed a motion fo severance.  (Docket Entry No. 16).  These motion are denied as moot.

and served as defendants is a citizen of the State in which such action is brought."  Van Thi's presence in the suit as an in-state defendant precludes removal jurisdiction if he was properly joined.

To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L. Ed. 2d 755 (2005).  The second approach focuses on whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant.  *Id.*  The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*  In determining whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."  *Id.*  There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573–74; *see, e.g.*, *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005) (upholding the district court's piercing of the pleadings when the parties had conducted ten months of postremoval discovery).  No party in the present case, however, has asked for such an inquiry.  Instead, the parties have focused solely on whether the plaintiffs' state-court petition provides a reasonable basis to predict that they may recover against the in-state defendant under Texas law.  *Smallwood*, 385 F.3d at 573–74.  The

petition as filed in the state court at the time of removal controls the inquiry.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court.  *Rubin v. Daimlerchrysler Corp.*, No. Civ. A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005).

## II.     Analysis

### A.     Does the Federal Standard for Pleading Sufficiency Apply?

The defendants argue that joining Van Thi was improper because the plaintiffs' complaint fails to allege facts in support of the claims against Van Thi in their state-court petition to state a claim under a Rule 12(b)(6)-type analysis.  The federal courts have reached inconsistent results over whether a court deciding if a plaintiff's state-court petition provides a reasonable basis for predicting recovery against an in-state defendant under state law applies the federal pleading standard if the standard that applies under that state's law is more lenient.

The defendants assert that this court must apply the standards articulated in the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009).  In these decisions, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Twombly*, 550 U.S. at 562–63 ( "*Conley*'s 'no set of facts' language . . . is best

4

forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). The Supreme Court held that to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The plaintiffs assert that in the Rule 12(b)(6)-type inquiry into their state-court petition, the federal pleading-sufficiency standard does not apply because the Texas pleading standard is more lenient. The Texas Supreme Court has held that "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Rule 47 of the Texas Rules of Civil Procedure requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." "'A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.'" *Id.* (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Rule 45(b) of the Texas Rules of Civil Procedure states: "[t]hat an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

5

Several Texas district courts have held that the federal pleading-sufficiency standard applies to a analyzing improper joinder.  *See, e.g., Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009); *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D. Tex. Sept. 29, 2008); *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010).  The courts in these cases cited *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 2004), which stated that "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."  *Id.* at 700.  The district courts then applied *Twombly* and *Ashcroft* to conclude that a state-court petition must plead sufficient factual content to allow the federal court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *See Doucet*, 2009 WL 3157478 at *5.  One court noted that this result created an "uneasy tension with comity implications."  In *First Baptist Church*, 2008 WL 4533729, at *4 n.6, the court stated:

> Using a federal Rule 12(b)(6) standard to test the validity of a state court petition is awkward.  Texas notice pleading rules often are given a more liberal reading than their federal counterpart.  Yet, *Smallwood* and *Griggs* effectively require that state court litigants—when filing suits in state courts—conform to federal pleading requirements to avoid removal.  One might argue that this rule is unrealistic.

The court noted, however, that "[i]mperfect or not, it is the rule that governs."  *Id.*

These cases appear to rest on extending the language in *Griggs* to a situation not present in that case.  In *Griggs*, the plaintiffs asserted a cause of action against an in-state insurance agent for violating the Texas Deceptive Trade Practices Act and the Texas Insurance Code.  181 F.3d at 700.  The plaintiffs' in *Griggs* pleadings made *no* specific factual allegations against the agent other than

that he issued the policy. *Id.* at 699. In *Griggs*, unlike the present case, the state-court petition made neither legal nor factual allegations specific to the in-state defendant. Instead, the pleadings were "global," referring to "defendants" in a way that could not be attributed to the individual agent as opposed to the insurer. The in-state defendant was mentioned only once. Further, the plaintiffs had not made any attempt to serve the in-state defendant, leading the court to infer that the plaintiffs did not intend to actively pursue the claims against that defendant. By contrast, in the present case, the petition filed in the state court included specific negligence allegations directed at the in-state defendant and there is no inference of a lack of interest in pursuing those allegations.

The district court cases using a *Twombly/Iqbal* standard in a motion to remand based on a state court pleading's asserted insufficiency in alleging a claim against an in-state defendant cited the *Griggs* language on the "factual fit between the plaintiffs' allegations and the pleaded theory of recovery." But that statement was not made in the context of a Rule 12(b)(6)-like procedure for analyzing an improper joinder argument. Instead, the language was in the context of a summary-judgment-like procedure. In *Griggs*, the plaintiffs had filed an affidavit that added the factual allegations to be considered beyond those in the petition. The issue was whether the combination of the state-law theories pleaded in the amended petition and the facts alleged in the affidavit could provide a reasonable basis for predicting that the plaintiffs would be able to establish the in-state defendant's liability. 181 F.3d at 700. The statement about "factual fit" was made in the specific context of disagreeing with the plaintiffs' argument that he only had to show a "mere hypothetical possibility that [a valid claim] could exist." *Id.* at 701. *Griggs*, which, like *Smallwood,* was decided pre-*Twombly* and pre-*Iqbal*, does not provide guidance on whether the federal pleading standard

applies to a motion to remand based on improper joinder when that motion is analyzed based solely on the state-court petition.

The majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient. *See, e.g.*, *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) ("[T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."); *DNJ Logistic Grp., Inc. v. DHL Express (USA), Inc.*, Civ. A. No. 08-CV-2789, 2010 WL 2976493, at *4 (E.D.N.Y. July 23, 2010) ("'[C]ourts in this Circuit have referenced both state and federal pleading standards when testing the sufficiency of a plaintiff's pleading' in the fraudulent joinder context.  The more logical choice, though, is to apply state pleading standards, because 'the purpose of a fraudulent joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims . . .'" (quoting *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F.Supp. 2d 467, 471–72 (S.D.N.Y. 2006) (internal citations omitted)); *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) ("[C]ourts apply the state pleading rules relevant to the particular pleading at issue in deciding whether a plaintiff could have asserted a viable claim in state court based on that pleading."); *Pinnacle Choice, Inc. v. Silverstein*, Civ. A. No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008) ("While these claims may not be pleaded with specificity sufficient to withstand a motion to dismiss, that is not the standard applied here."); *Ruiz v. Forest City Enterprises, Inc.*, No. 09 CV 4699, 2010 WL

3322505, at *3 (E.D.N.Y. Aug. 20, 2010) ("[C]ourts apply the state pleading rules relevant to the particular pleading at issue in deciding whether a plaintiff could have asserted a viable claim in state court based on that pleading."); *Shue v. High Pressure Transps., LLC*, No. 10-CV-0559, 2010 WL 4824560, at *7 n.2 (N.D. Okla. Nov. 22, 2010) ("The Court agrees with the other courts that have considered this issue and finds that *Twombly*'s plausibility standard is inconsistent with the rules governing fraudulent joinder."); *Tofighbakhsh v. Wells Fargo & Co.*, No. 10-830, 2010 WL 2486412, at *3 (N.D. Cal. June 16, 2010) ("[T]he Court finds that Defendants have failed to show fraudulent joinder of Wells Fargo and Company, because they have failed to provide clear and convincing evidence proving that the causes of action against Wells Fargo and Company must obviously fail according to California law."); *Warren v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of the [the plaintiff's] complaint under Texas' notice-pleading standard."); *In re Yasmin and Yaz (Drospirenone) Mktg, Sales Practices, and Prods. Liab.*, Nos. 3:09-md-02100, 3:10-cv-20095, 2010 WL 2402926, at *2 (S.D. Ill. June 15, 2010) ("Upon further consideration, the Court concludes that it was error to apply federal notice pleading standards in its fraudulent joinder analysis."); *In re Zicam Cold Remedy Mktg., Sales Practices, Prods. Liab. Litig.*, No. 09-md-2096, 2010 WL 3516755, at *2 (D. Ariz. Sept. 1, 2010) ("We conclude that although plaintiff has not stated a claim against HEB in accordance with federal pleading standards, his failure is not 'obvious according to the settled rules of the state,' and thus, the joinder of defendant HEB is not fraudulent.").  Such a result is also applied to fraud causes of action, which in federal court are subject to the particularity requirement of Rule 9(b).  *See, e.g.*, *Candy v. 474 Club LLC.*,

No. CV-06-400, 2007 WL 1381806, at *3 (D. Idaho Jan. 31, 2007) (noting that for remand purposes, "[t]he Court could . . . agree that many of the claims fail to fully and completely articulate all the particulars of a given cause of action.  [But][t]he Court cannot agree that there is no possibility the [p]laintiff can set forth a viable claim against [d]efendant . . . ."); *Waterloo Coal Co., Inc. v. Komatsu Mining Sys., Inc*., No. C2-02-560, 2003 WL 124137, *4 (S.D. Ohio 2003) ("Although Fed. R. Civ. P. 9(b) requires that fraud be pleaded with particularity, Waterloo's failure to do so does not lead this Court to conclude that Waterloo may not have a colorable claim under state law for fraudulent inducement.").

The result reached in these cases also avoids another source of tension arising from imposing a stricter federal pleading standard on the improper joinder analysis.  Under the federal rules, a dismissal for failure to meet the Rule 8(a)(2) or 9(b) pleading requirements is usually with leave to amend to attempt to cure the pleading deficiency by, for example, pleading more facts.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  But the remand analysis must be based on the pleading at the time the case was removed; post-removal amendments to the pleading are ordinarily not considered.  *See Brown v. United Parcel Serv.*, No. 99-10092, 2000 WL 1701739, at *1 n.1 (5th Cir. Oct.31, 2000).  The inability to consider an amended petition is another

10

reason to be wary of using the federal pleading standard.  *See, e.g.*, *Kongelf v. Sears Holding Corp.*, No. 4:09-cv-038, 2010 WL 1977833, at *3 (D.N.D. Apr. 7, 2010) (rejecting the defendant's argument that *Iqbal* governs the fraudulent-joinder analysis because "applying federal pleading standards to the state-court complaint makes little sense given that plaintiffs filed their action in state court and were not required to comply with them" and because "even if there are deficiencies in the complaint applying state pleading standards, the court should give allowance for the possibility that the state court would allow an amendment to correct the deficiencies in ruling on the claim if fraudulent joinder").

This court agrees with the majority of courts that have ruled on this issue.  Neither *Smallwood* nor *Griggs* requires a district court to test the sufficiency of a state court petition under *Twombly* and *Iqbal* in conducting an improper joinder analysis when the state-court pleading standards are more lenient.  Each of the claims asserted against Van Thi, the in-state defendant, are analyzed under the *Smallwood* test.

### B.    The Misrepresentation Claims

The plaintiffs assert misrepresentation claims against Van Thi and all other defendants under three theories: common-law intentional or negligent misrepresentation, including fraud by misrepresentation, (Docket Entry No. 1, ¶¶ 47–55); misrepresentations in violation of the DTPA, (*id.*, ¶¶ 20(a)–(c)); and misrepresentation in violation of the Texas Insurance Code, (*id.*, ¶¶ 31(e), 45, 45(c)).

As to the common-law allegations, the plaintiffs allege that all defendants intentionally or negligently misrepresented to the plaintiffs the scope of insurance coverage by failing "to inform

plaintiffs of certain exclusions in its policy." (*Id.*, ¶ 48).  In a separate claim entitled "Common-Law Fraud by Negligent Misrepresentation," the plaintiffs allege that:

> Defendants individually or collectively, perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiffs, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Defendants fraudulently concealed material facts from Plaintiffs, the result of which caused damages to Plaintiffs which were foreseeable as Hurricane Ike's landfall in Texas was imminent.

(*Id.*, ¶ 50).  Specifically as to Van Thi, the plaintiffs allege that Van Thi "misrepresented to Plaintiffs, prior to Hurricane Ike, that sufficient commercial coverage existed to protect them from related damages." (*Id.*, ¶ 60).  The plaintiffs allege that "Van Thi had and owed a legal duty to Plaintiffs to undertake and complete proper placement of commercial insurance coverage for Plaintiffs' lifetime investments" and that "Van Thi breached this duty in abundance of ways, including but not limited to the following":

- "Van Thi failed to secure sufficient coverage for Plaintiffs' structural damage";

- "Van Thi failed to secure sufficient coverage for Plaintiffs' personal contents"; and

- "Van Thi failed to secure sufficient coverage for Plaintiffs' business interruption loss."

(*Id.*, ¶ 60).

As to the DTPA misrepresentation claims, the plaintiffs allege that the defendants violated the DTPA by:

- "[r]epresenting that an agreement confers or involves rights, remedies, or obligations which it does not have";

- "[m]isrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction";

12

- "failing to disclose information concerning goods or services which were known at the time of the transaction . . . to induce the consumer into a transaction which the consumer would not have entered had such information been disclosed."

- representing "that their insurance policies and Defendants' adjusting and investigative services had characteristics or benefits that it actually did not have," in violation of TEX. BUS. & COM. CODE § 17.46(b)(5);

- representing "that their insurance policies and Defendants' adjusting and investigative services were of a particular standard, quality or grade" in violation of TEX. BUS. & COM. CODE § 17.46(b)(7);

- representing "that Defendants would pay the entire amount needed by Plaintiffs due to damage caused by Hurricane Ike, and then not doing so" in violation of TEX. BUS. & COM. CODE § 17.46(b)(5), (7), and (12); and

- breaching "an express warranty that the damage caused by Hurricane Ike would be covered under the subject insurance policies" in violation of TEX. BUS. & COM. CODE § 17.46(b)(12), (20); 17.50(a)(2).

(Docket Entry No. 1, ¶ 20(a–c); 21–24).  These claims simply parrot the statutory provisions.

As to the Texas Insurance Code claims, the plaintiffs allege that the defendants "[misrepresented] an insurance policy by failing to disclose any matter required by law to be disclosed." (*Id.*, ¶ 31(e)).  In a separate section of the petition entitled "Unfair Insurance Practices," the plaintiffs allege further that the defendants "[failed] to look for coverage"; misrepresented coverage "under the subject insurance policy"; and "[misrepresented] . . . pertinent facts or policy provisions relating to the coverage at issue."  (*Id.*, ¶ 45, 45(c)).

The parties do not dispute that Texas law provides a cause of action against an insurance agent for negligent misrepresentation.  *See, e.g.*, *Nast v. State Farm Fire and Cas. Co.*, 82 S.W.3d 114, 124 (Tex. App.—San Antonio 2002, no pet.).  Similarly, an agent who "misrepresents specific policy terms prior to a loss" may violate the Texas Insurance Code or DTPA if "the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Hernden v. State*

13

*Farm Lloyds*, No. SA-05-CA-1103-RF, 2006 WL 870663, at *3 (W.D. Tex. Mar. 2, 2006) (citing *Griggs*, 181 F.3d at 701 (citing TEX. INS. CODE art. 21.21 § 16; TEX. BUS. & COM. CODE § 17.50)). The plaintiffs alleged that Van Thi represented to them that they were insured against damages associated with hurricanes, but the insurer refused to pay for the damages related to Hurricane Ike. The plaintiffs also alleged that Van Thi misrepresented exclusions related to their insurance coverage, in violation of the Texas Insurance Code and the DTPA. Courts have found that similar allegations provide a reasonable basis for recovery under Texas law. *See Hernden*, 2006 WL 870663, at *3 (rejecting the defendants' improper joinder argument based on finding that the insurance agent's representation that the plaintiffs were buying "100% mold coverage" alleged a reasonable basis of recovery); *Kiw v. Zurich Am. Ins. Co.*, No. Civ. A. H-05-3240, 2005 WL 3434977, at *3–4 (S.D. Tex. Dec. 14, 2005) (rejecting the defendants' improper joinder argument based on finding that the plaintiff's "minimal" factual allegations that the defendant "represented and warranted that the policy provided benefits and coverage for losses [of the type caused by hurricanes]" provided a reasonable basis for recovery under a misrepresentation theory).

Some federal courts have found improper joinder under Texas law when the plaintiff failed to identify the relationship between the alleged misrepresentation and specific policy terms. *See Druker v. Fortis Health*, Civ. A. No. 5:06-cv-00052, 2007 WL 38322, at *5 (S.D. Tex. Jan. 4, 2007) ("Regarding Plaintiff's DTPA and [Texas Insurance Code] claims, another established prerequisite to recovery . . . is that the alleged misrepresentation by the insurance agent pertain to 'specific policy terms.'"); *Lopez v. OM Fin. Life Ins. Co.*, Civ. A. No. H-09-789, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (finding improper joinder when the plaintiff's DTPA allegations failed to identify a specific policy term that the insurance agent misrepresented). Here, the plaintiffs alleged

14

that Van Thi misrepresented the policy's coverage of the damage likely to be caused by hurricanes and identified three areas of deficient coverage: structural damage, personal contents, and business-interruption loss.  This allegation provides a reasonable basis for the possibility of recovery under Texas law.

In the context of claims asserted against Texas insurance adjusters, courts in this district have found that similar combinations of limited factual allegations and conclusory legal statements provide a reasonable basis for predicting recovery under Texas law.  *See Davis v. Travelers Lloyds of Tex. Ins. Co.*, Civ. A. No. H-09-2260, 2009 WL 3255093, at *7 (S.D. Tex. Sept. 29, 2009) (finding that plaintiff's allegations that defendant "misrepresented to her that the damage to her property was not covered under the policy, even though the damage was caused by a covered occurrence"; "failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim even though liability under the policy was reasonably clear"; "failed to explain to her the reasons for their offer of an inadequate settlement"; "failed to communicate to her that any future settlements or payments would be forthcoming to pay for the entire loss covered under the policy, and failed to provide any explanation for the failure to adequately settle her claim"; "failed within a reasonable time to affirm or deny coverage of the claim to her or submit a reservation of rights to her"; "refused to fully compensate her under the terms of the policy, without conducting a reasonable investigation"; and "performed an outcome-oriented investigation of her claim, which resulted in a biased, unfair and inequitable evaluation of her losses on the property" provide a reasonable basis for recovery under the Texas Insurance Code); *Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (finding that the plaintiff's allegations that defendant "misrepresented . . . that the damage to the Property was not covered

under the Policy, even though the damage was caused by a covered occurrence"; "failed to attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability"; "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement"; "failed to affirm or deny coverage of Plaintiff's claim within a reasonable time"; and "refused to fully compensate Plaintiff under the terms of the Policy" provide a reasonable basis for recovery for common-law fraud and under the Texas Insurance Code); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 2009) (finding that the plaintiff's allegations that an insurance adjuster failed to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim" and failed "to affirm or deny the claim within a reasonable time" provide a reasonable basis for recovery under the Texas Insurance Code); *Rodriguez v. Standard Guar. Ins. Co.*, Civ. A. No. H-10-3065, 2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010) (finding that the plaintiffs' allegations that the defendants "misrepresented to Plaintiffs . . . that damage was not covered . . . even though the damage was caused by a covered occurrence"; "failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of liability"; "failed to explain to Plaintiffs the reasons for their offer of an adequate settlement"; "failed to affirm or deny coverage . . . within a reasonable time"; and "failed to fully compensate Plaintiffs, under the terms of the policy . . . ." provide a reasonable basis for recovery under Texas law.

When courts in this district have denied remand, it has usually been when the defendants have provided evidence "strongly showing that recovery against the instate adjuster would be unlikely." *Harris*, 2010 WL 1790744, at *5; *see also Jimenez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (denying remand when the instate

16

adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mut. Cas. Co.*, Civ. A. No. H-07-015, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand when the defendant presented deposition testimony by the plaintiff that the in-state defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion").  No such evidence is present here.

Finally, the defendants argue that there is no reasonable basis for recovery because under Texas law, it is the insured's duty to read and be familiar with the terms of the insurance policy, s*ee Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F. Supp. 2d 755, 768 (S.D. Tex. 2008) (citing *May v. United Servs. Ass'n*, 844 S.W.2d 666, 669 (Tex. 1993)), and because Texas courts have held that an insurer or agent is not liable for a policyholder's mistaken belief about the scope or availability of coverage, *see, e.g.*, *Moore v. Whitney–Vaky Ins. Agency*, 966 S.W.2d 690, 692–93 (Tex. App.—San Antonio 1998, no pet.).  Texas courts have recognized that liability for insurance agents is fact-intensive and "will usually depend on evidence that the [agent] induced his client to rely on his or her performance and that the client reasonably, but to his detriment, assumed that he was insured against the risk which caused the loss." *Aspen Specialty Ins. Co. v. Muniz Eng'g Inc.*, 514 F. Supp. 2d 972, 982 (S.D. Tex. 2007); *Coachmen*, 565 F. Supp. 2d at 768.  But the defendants have not presented any basis to conclude that the plaintiffs' negligence claim against Van Thi results solely from their failure to read the insurance policy or their mistaken belief about the policy's coverage.  On the present record, this court cannot conclude that there is no reasonable basis to predict possible recovery against Van Thi under Texas law.

### C.     The Negligence Claims

The plaintiffs' negligence allegations involve many of the same allegations as their misrepresentation allegations.  The plaintiffs allege that "Van Thi had and owed a legal duty to Plaintiffs to undertake and complete proper placement of commercial insurance coverage for Plaintiffs' lifetime investments . . . .   Van Thi breached this duty in abundance of ways, including but not limited to the following":

- "Van Thi failed to secure sufficient coverage for Plaintiffs' structural damage";

- "Van Thi failed to secure sufficient coverage for Plaintiffs' personal contents"; and

- "Van Thi failed to secure sufficient coverage for Plaintiffs' business interruption loss."

- "Van Thi misrepresented to Plaintiffs, prior to Hurricane Ike, that sufficient commercial coverage existed to protect them from related damages."

(Docket Entry No. 1, ¶ 60).

The parties do not dispute that Texas law recognizes a cause of action against an insurance agent for negligently failing to procure sufficient coverage.  (Docket Entry No. 11, at 12); (Docket Entry No. 13, at 3).  Under Texas law, "[a]n insurance [broker] who undertakes to procure insurance for another owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and inform the client if unable to do so."  *See, e.g.*, *Coachmen*, 565 F. Supp. 2d at 768 (citing *May*, 844 S.W.2d at 669).  Texas courts have imposed liability on insurance agents for failing to secure sufficient coverage in narrow circumstances.  In *May v. United Services Association of America*, the Texas Supreme Court recognized that an insurance agent may be liable when he makes an affirmative misrepresentation which induces a plaintiff "to rely on his performance of the

18

undertaking to procure insurance, and the plaintiff reasonably, but to his detriment, assumed that he was insured against the risk that caused the loss."  844 S.W.3d at 669 (discussing *Burroughs v. Bunch*, 210 S.W.2d 211 (Tex. App.—El Paso 1948, writ ref'd) (finding agent liable for fire damage to a house under construction because the agent represented to the customer that he would have a builder's risk policy issued on the house but failed to notify the customer that he failed to procure such a policy); *Scott v. Conner*, 403 S.W.2d 453 (Tex. App.—Beaumont 1966, no writ) (finding agent liable for fire damage to house after a customer requested a new policy to replace one cancelled by insurance agent and the agent did not procure a new policy or alert the customer to this failure).  But the court did not decide whether agent liability might extend "beyond affirmative misrepresentations to failures to disclose some limitations in the policy's coverage."  *May*, 844 S.W.2d at 670 n.10.  The court noted that other jurisdictions only found liability for failure to disclose a limitation in the policy's coverage where there is "an explicit agreement, course of dealing, or other evidence establishing an undertaking by the agent to determine the customers' needs and to counsel the customer as to how they can best be met."  *Id.* at 670; *see also Moore*, 966 S.W.2d at 692 (discussing *May*, 844 S.W.3d at 669).

An insurance agent is not liable for negligence if he provides a policy in accordance with his understanding of the insured's expectations.  *See Moore*, 966 S.W.2d at 692 (finding no liability where insured never requested specific type of coverage, agent provided policy in accordance with his understanding of insured's expectations, and agent never discussed contents of policy or said anything to give the impression to the insured that the policy would cover all lawsuits against him).  And "[n]o legal duty exists on the part of an insurance agent to extend the insurance protection of his customer merely because the agent has knowledge of the need for additional insurance of that

19

customer, especially in the absence of evidence of prior dealings where the agent customarily has taken care of his customer's needs without consulting him." *Choucroun v. Sol L. Weisenberg Ins. Agency—Life & Health Div., Inc.*, No. 01-03-00637-CV, 2004 WL 2823147, at *4 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, no pet.) (citing *Pickens v. Texas Farm Bureau Ins. Cos.*, 836 S.W.2d 803, 805 (Tex. App.—Amarillo 1992, no writ)).

The plaintiffs allege that Van Thi was negligent in failing to secure sufficient coverage for structural damage, personal contents, and business-interruption loss.  While the Texas Supreme Court has indicated that an insurance agent is liable for failure to secure sufficient coverage under narrow circumstances, one such circumstance is where the agent makes an affirmative representation that he will secure sufficient coverage.  *See May*, 844 S.W.3d at 669; *Moore*, 966 S.W.2d at 692. The plaintiffs allege that Van Thi affirmatively represented that he would obtain sufficient coverage for hurricane-related damages.  These allegations are asserted separately from the claims against Allstate and Assurance and identify specific areas of coverage that Van Thi allegedly failed to procure.  These allegations provide a reasonable possibility for the plaintiffs to recover on their negligence claims against Van Thi in a Texas court.  *See Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co.*, 193 F. Supp. 2d 995, 1001–02 (S.D. Tex. 2002) (finding that the plaintiff's "vague and broadly stated" allegations that an insurance agent failed to obtain coverage for one floor of a bank provided a reasonable basis for recovery).

Again, the defendants argue that there is no reasonable basis for recovery for the negligence claim against Van Thi because under Texas law, it is the insured's duty to read and be familiar with the terms of the insurance policy, s*ee Coachmen*, 565 F. Supp. 2d at 768, and because Texas courts have held that an insurer or agent is not liable for a policyholder's mistaken belief about the scope

20

or availability of coverage, *see, e.g.*, *Moore*, 966 S.W.2d at 692–93.  But the defendants have not presented any basis to conclude that the plaintiffs' negligence claim against Van Thi results solely from their failure to read the insurance policy or their mistaken belief about the policy's coverage. On the present record, this court cannot conclude that the plaintiffs lack a reasonable basis for recovery against Van Thi under Texas law.[2]

## III.     Conclusion and Order

For the reason explained above, the court concludes that the defendants have failed to prove that the plaintiffs have no reasonable possibility of recovering against Van Thi.  Because the defendants have failed to establish that Van Thi was improperly joined, the court lacks diversity jurisdiction and remands the action to state court.  The motion to remand, (Docket Entry No. 4), is granted. This action is remanded to the 295th District Court of Harris County, Texas.

SIGNED on December 8, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2]   Because there is a reasonable basis for predicting the possibility of recovery on the plaintiffs' negligence and misrepresentation claims against Van Thi, there is no need to examine whether the plaintiffs have a reasonable basis of recovery against Van Thi for claims asserted against all defendants. The plaintiffs' petition contains no allegation that Van Thi did anything other than serve as the agent in the plaintiffs' acquisition of the policy.  There is no allegation that Van Thi played any role in the investigation, processing, and adjustment of the plaintiffs' insurance claim.